IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES EAGLE BOY, | ) | 4:08CV3090 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DAN DANAHER, PA, RHONDA | ) | |
| GABER, LPN, RANDALL WARE, | ) | |
| C.W., NOORD HOEK, Sgt., and | ) | |
| O'CONNELL, Officer, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on May 1, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on May 1, 2008, against five Defendants; P.A. Dan Danaher, Nurse Rhonda Gaber, Case Worker Randall Ware, Officer Noord Hoek, and Officer O'Connell. (Filing No. 1 at CM/ECF pp. 1-6.) Plaintiff alleges that Defendants are all employees of the Nebraska Department of Correctional Services. (Id.) Plaintiff is currently incarcerated at the Tecumseh State Correctional Institution ("TSCI"), in Tecumseh, Nebraska. (Id. at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that he broke his hand on November 6, 2006, and Defendant Gaber refused to treat him. (Id. at CM/ECF p. 8.) Plaintiff alleges he was forced to write "[k]ite after [k]ite" in order to receive

treatment.[1]  (*Id.* at CM/ECF p. 9.)  When Plaintiff finally received treatment, x-rays revealed that his hand was broken.  (*Id.*)  Plaintiff alleges that Defendants provided no further treatment, and told him that his hand would "get stronger [within] the next [six months] . . . ."  (*Id.*)  Plaintiff seeks monetary compensation for pain and suffering and "mental anguish."  (*Id.* at CM/ECF p. 10.)  Plaintiff also requests "proper medical for [his] hand" and "physical therapy if needed."  (*Id.*)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't*

---

[1]Plaintiff attached several Inmate Interview Requests to his Complaint.  (Filing No. 1 at CM/ECF pp. 12-18.)  While these somewhat contradict Plaintiff's allegations, the court liberally construes the Complaint at this stage of the proceedings.

*of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Plaintiff's Claims Against Defendants for Monetary Relief

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "[t]his court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it

3

will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff seeks monetary damages and injunctive relief. (Filing No. 1 at CM/ECF pp. 9-10.) Plaintiff has not specified the capacity in which he sues Defendants. (*Id.* at CM/ECF pp. 1-21.) Thus, the court presumes Defendants are sued in their official capacities only. As set forth above, the Eleventh Amendment bars damages claims against state employees sued in their official capacities. Plaintiff identifies Defendants as employees of the Nebraska Department of Correctional Services, which is an instrumentality of the State of Nebraska. (*Id.* at CM/ECF p. 3-5.) As such, Defendants enjoy sovereign immunity for damages claims made against them in their official capacities. Therefore, Plaintiff's claims against Defendants for monetary relief are dismissed pursuant to 28 U.S.C. § 1915(e).

B.  Plaintiff's Claims Against Defendants for Injunctive Relief

The court liberally construes Plaintiff's Complaint to allege a Eighth Amendment claim relating to his medical care. Plaintiff seeks injunctive relief, namely an order from the court requiring Defendants to provide to Plaintiff "proper

4

medical for [his] hand" and "physical therapy if needed." (Filing No. 1 at CM/ECF p. 10.) A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104).

Plaintiff alleges that he broke his hand and that Defendant Gaber refused to treat him. (Filing No. 1 at CM/ECF p. 8.) Plaintiff also alleges he was forced to write "[k]ite after [k]ite" in order to receive treatment. (*Id.* at CM/ECF p. 9.) When Plaintiff finally received treatment, x-rays revealed that his hand was broken. (*Id.*) However, Defendants did not continue to treat him. (*Id.*) As a result, Plaintiff states he has developed "disfigured bones . . . [and] arthritis, [as well as] mental . . . and physical [pain]." (*Id.* at CM/ECF p. 9.) Liberally construed, Plaintiff alleges that he had an objectively serious medical need, and that officials actually knew of and deliberately disregarded that need. Plaintiff has therefore set forth enough facts to nudge his Eighth Amendment claim against Defendants across the line from conceivable to plausible. As a result, Plaintiff's claims against Defendants may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.	Plaintiff's claims against Defendants in their official capacities for monetary damages are dismissed.

2.	Plaintiff's claims against Defendants in their official capacities for injunctive relief may proceed and service is now warranted as to those claims only.

3.	To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FIVE (5) summons forms and FIVE (5) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4.	Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

5.	Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6.	Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this

matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7.     The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**December 9, 2008**: Check for completion of service of summons."

8.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. **Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.**

August 19, 2008.                    BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Chief United States District Judge